# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2728

_____

| | | |
|---|---|---|
| Bradley W. Olson; Barbara E. Olson, | * | |
| | * | |
| Appellants, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Jennifer S. Kenney, Assistant Attorney | * | |
| General for the State of Minnesota; | * | [UNPUBLISHED] |
| Mike Hatch, Attorney General of the | * | |
| State of Minnesota, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 30, 2005
Filed: April 4, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Bradley and Barbara Olson (Olsons) appeal the district court's[1] denial of their motion for default judgment and the dismissal of their 42 U.S.C. § 1983 action. We affirm.

_____

[1]The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

In their complaint, the Olsons alleged that Assistant Attorney General Jennifer Kenney, relying on state law, prohibited two government officials from testifying in the Olsons' state civil trial and barred access to the investigative reports of these officials, in violation of the Olsons' constitutional rights. The Olsons requested a new civil trial, an order permitting them to call the officials as witnesses, and punitive damages.

Defendants moved to dismiss eighteen days after receipt of service. The Olsons moved for default judgment, arguing that defendants had failed to reply within ten days as required by local rule and Federal Rule of Civil Procedure 5(d). The district court denied the Olsons' motion for default judgment and granted defendants' motion to dismiss.

We conclude the district court did not abuse its discretion in refusing to order a default judgment, given that defendants filed a timely motion to dismiss, which the district court granted. See Fed. R. Civ. P. 12(a)(1)(A), (a)(4)(A); Norsyn, Inc. v. Desai, 351 F.3d 825, 828 (8th Cir. 2003). We also conclude the court did not err in dismissing the Olsons' complaint, because the Rooker-Feldman doctrine[2] precludes their request for a new state civil trial, see Lemonds v. St. Louis County, 222 F.3d 488, 492-93 (8th Cir. 2000), and the Eleventh Amendment precludes their request for punitive damages as defendants were sued only in their official capacities, see Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999); Treleven v. Univ. of Minn., 73 F.3d 816, 818 (8th Cir. 1996).

Accordingly, we affirm the judgment of the district court.

_____

---

[2]District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).